■ FREDA DAPP, Appellant, v DORIS LARSON, Respondent. [659 NYS2d 130] —Cardona, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 24, 1996 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

On April 30, 1992, while visiting defendant in her capacity as a home health aide, plaintiff sustained injuries when she fell down the front steps of defendant's residence. It was raining at the time of the accident. The steps and the porch of defendant's residence were covered in green all-weather carpeting and a brown plastic doormat lay near the doorway. As plaintiff was leaving the residence, she claims that she took a few steps across the porch and started to descend the stairs when she fell. Upon landing at the bottom of the stairs, she noticed that the brown plastic doormat that had been on the porch was laying on the bottom step and the sidewalk.

Plaintiff subsequently commenced this action for personal injuries against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to demonstrate the existence of a dangerous condition upon defendant's premises or that defendant had notice of any such condition. Supreme Court granted the motion and plaintiff appeals.

We affirm. Initially, we note that in order to establish a prima facie case of negligence against defendant, plaintiff was required to "establish that defendant either created the allegedly dangerous or defective condition or had actual or constructive notice thereof" (*George v Ponderosa Steak House*, 221 AD2d 710, 711; *see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281). In addition to notice, plaintiff must also demonstrate that the alleged dangerous condition was the proximate cause of her injury (*see, Leary v North Shore Univ. Hosp.*, 218 AD2d 686, 687).

In the case at hand, plaintiff alleges that the plastic mat in front of defendant's house constituted a dangerous condition that defendant created or had notice thereof.* Regardless of the merit of this assertion, however, plaintiff failed to submit

---

* In support of her motion for summary judgment, defendant avers that, prior to April 30, 1992, she was not aware of any dangerous condition created by the brown plastic doormat on her front porch and that no one, includ-

proof establishing that her accident was *caused* by this condition. Significantly, failure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action (*see, Leary v North Shore Univ. Hosp., supra*, at 687; *Earle v Channel Home Ctr.*, 158 AD2d 507, 508; *see also, Marrone v Verona*, 237 AD2d 805, 806). Here, plaintiff specifically testified at her examination before trial that she could not remember the location of the plastic mat when she arrived at defendant's home on the date of the accident. Furthermore, she also stated that when she left work that day, she did not notice the location of the doormat immediately preceding her fall. Only *after* her fall did plaintiff see the mat at the bottom of the stairs on the sidewalk. Although plaintiff presumes that the doormat caused her to fall, "conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699). From this proof, it is just as possible that the mat was already at the bottom of the stairs when she fell and her accident could be attributed to the wet condition of the stairway caused by the rainy weather (*see, id.*). Since plaintiff failed to raise a triable issue as to causation, we conclude that defendant's summary judgment motion was properly granted.

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

ing plaintiff, had ever complained to her about this condition. Plaintiff, however, avers that she observed the doormat slide away from the door many times prior to the accident and that, on at least two such occasions, she informed defendant of this dangerous condition.