■ DANIEL L. ACKLER, an Infant, by CAROLYN A. ACKLER, His Mother and Guardian, et al., Respondents, v ODESSA-MONTOUR CENTRAL SCHOOL DISTRICT, Appellant. [663 NYS2d 352] —Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered December 4, 1996 in Chemung County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

On November 10, 1992, while a student at Odessa-Montour Central High School in the Village of Odessa, Schuyler County, plaintiff Daniel L. Ackler (hereinafter Ackler) allegedly sustained certain injuries when he fell on the floor of the school's gymnasium. At the time of the accident, Ackler was trying out for the junior varsity basketball team and was engaged in a ball-handling drill. According to Ackler, as he jogged through the free-throw lane his left foot caught on a sticky substance on the floor, causing him to fall forward and strike his left knee.

Plaintiffs thereafter commenced this action against defen-

dant alleging, *inter alia*, that defendant affirmatively created a dangerous and defective condition by failing to properly remove tape that had been placed on the gymnasium floor to mark certain boundary lines and permitting the sticky residue from such tape to remain. Following joinder of issue and discovery, defendant moved for, *inter alia*, summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendant ensued.

We affirm. In our view, defendant's own proof raises a question of fact regarding, *inter alia*, whether defendant's employees affirmatively created a dangerous or defective condition that, in turn, was the proximate cause of Ackler's injuries. Accordingly, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

The record establishes that sometime prior to Ackler's accident, vinyl tape measuring approximately two inches wide had been placed on the floor of the gymnasium to mark boundary lines for volleyball games. Although John McCauley, the then-junior varsity basketball coach, testified at his examination before trial that the tape had been removed prior to the beginning of basketball tryouts, Ackler testified at his examination before trial that the tape indeed was present on the day of his accident. Specifically, Ackler testified that while running laps in the gymnasium on the day of the accident, his foot caught on the tape and he fell.* According to Ackler, Wayne Durfey, a school employee, removed strips of tape from the gymnasium floor—including the area in which he subsequently fell—approximately 5 to 10 minutes before his accident. Although McCauley testified that it appeared to him that Ackler simply tripped over his own feet, Ackler testified that as he approached the basketball key his left foot caught on a sticky substance, causing him to fall and strike his knee.

As a starting point, we reject defendant's contention that any residue that may have remained on the floor of the gymnasium following the removal of the tape was, as a matter of law, too trivial to constitute a dangerous or defective condition. Specifically, we are of the view that there is a question of fact as to whether the tape residue, described by Ackler as a two-inch-wide strip of sticky, grayish substance, constituted a dangerous or defective condition.

Similarly unpersuasive is defendant's argument that plaintiffs' theory of liability is based entirely upon speculation, conjecture or surmise. Contrary to defendant's assertion, Ack-

---

* Ackler testified that he did not sustain any injury at this time.

ler's failure to immediately and conclusively identify the sticky substance as residue from the tape is not fatal to plaintiffs' claim, as plaintiffs were not required to demonstrate the precise manner in which Ackler's accident occurred (*see, Mott v Big V Supermarkets*, 188 AD2d 870, 871). Viewing the evidence, as we must, in the light most favorable to plaintiffs (*see generally, Granato v Bella Vista Group Assocs.*, 239 AD2d 781, 783), we are of the view that Ackler's testimony that vinyl tape was removed from the very area in which he fell a short time before his accident is sufficient to raise a question of fact as to causation (*see, id.; compare, Dapp v Larson*, 240 AD2d 918).

Defendant's remaining contentions do not warrant extended discussion. The fact that defendant may not have violated a particular rule or regulation or have possessed actual or constructive notice of the allegedly dangerous or defective condition is of no moment, as plaintiffs plainly are proceeding under the theory that defendant affirmatively created such condition (*see, e.g., Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001; *Wilson v Proctors Theater & Arts Ctr.*, 223 AD2d 826). Nor are we persuaded that defendant established, as a matter of law, that Ackler affirmatively assumed the risk of the defect alleged. Although the record makes clear that Ackler was aware of the presence of the tape prior to the injury-producing fall, there is nothing in the record to suggest that Ackler was aware of the residue that allegedly remained on the floor of the gymnasium after the tape was removed. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.