■ HATTIE SILVA et al., Appellants, v VILLAGE SQUARE OF PENNA, INC., et al., Respondents. [674 NYS2d 873] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 30, 1997 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Hattie Silva (hereinafter plaintiff) in a fall she sustained on May 20, 1994 while she was leaving the

Desmond Americana hotel in the Town of Colonie, Albany County. The theory underlying plaintiffs' claim of liability is that defendants were negligent in connection with the installation and maintenance of a covered carpeted walkway which extended from the hotel's main entrance to the parking lot. Following joinder of issue, defendants moved for summary judgment dismissing the complaint based primarily upon plaintiffs' candid deposition testimony that neither of them knew what caused plaintiff to fall. Plaintiffs opposed the motion with an affidavit and supplemental documentary evidence from an architect who opined that the raised edging around the carpet and the location of the carpet edge relative to the parking lot curb created a tripping hazard. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiffs appeal.

We affirm. Although the evidence submitted by plaintiffs' architect raised an arguable factual issue regarding defendants' breach of a duty owed to plaintiff, we agree with Supreme Court that plaintiffs failed to oppose defendants' prima facie showing with any competent evidence tending to establish that defendants' negligence was a substantial cause of the events leading to plaintiff's injury (*see*, *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Although the absence of direct evidence of causation would not necessarily compel a grant of summary judgment in favor of defendants, as proximate cause may be inferred from the facts and circumstances underlying the injury, the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone (*see*, *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744; *Ellis v County of Albany*, 205 AD2d 1005, 1007). As correctly concluded by Supreme Court, in this case the evidence adduced on the motion established nothing more than a *possibility* that plaintiff's fall was caused by the condition of the carpeting. Under the circumstances, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see*, *Dapp v Larson*, 240 AD2d 918, 919; *Ricci v Doherty*, 222 AD2d 824, 825).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.