■ RODNEY A. WHITING et al., Appellants, v BELLA VISTA DEVELOPMENT CORPORATION et al., Respondents. [699 NYS2d 552] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 8, 1999 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

On October 1, 1994 at approximately 1:30 A.M., plaintiff Rodney A. Whiting (hereinafter plaintiff) made a delivery to the Price Chopper grocery store located at Colvin Plaza in the City of Albany. As he stepped backward and down from the rear of his tractor trailer and onto the blacktop surface behind the store, plaintiff twisted his ankle and fell, sustaining injuries. Plaintiff and his wife, derivatively, commenced this personal injury action against defendant Bella Vista Development

Corporation, the owner of the store premises, and defendant Price Chopper Operating Company, Inc., the lessee which operated the supermarket.

At his examination before trial, plaintiff was unable to identify the specific defect which caused his ankle to roll under him precipitating his fall; however, he stated that he felt like he stepped into a "pothole" or a "missing slab or something like that". He indicated that when he stepped down from the trailer he was approximately four feet away from the edge of the loading dock. Plaintiff testified that he had made deliveries to the store approximately five nights a week for nearly a year before the accident, using the back loading area on numerous occasions. He never made any complaints to either defendant regarding the condition of the lot or loading dock area at the rear of the store or complained about the lighting conditions in that area.

Defendants' representatives testified at their depositions that they neither created nor had any notice of any dangerous condition at the premises. There was testimony that a former Price Chopper employee conducted periodic inspections inside and outside the building and made notes of his observations. Thereafter, plaintiffs served a notice of discovery and inspection seeking the inspection records of the former employee as well as his last known address. Defendants first responded that there were no such records. Thereafter, however, defendants served an additional response stating that they were searching for records responsive to plaintiffs' demand and would provide same if found. Simultaneously with the service of their second response, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion prompting this appeal.

Initially, we find that defendants made a prima facie showing that they did not create or have actual or constructive notice of a dangerous condition of the pavement or that the lighting near the rear loading dock was inadequate. It was, therefore, incumbent upon plaintiff to come forward with evidentiary proof to show that a material issue of fact existed. Plaintiff testified that "he couldn't remember looking down at [his] feet" and that it was "pitch black". He did not make any observations about the blacktop and presumed that a pothole or missing slab caused his fall. "[C]onclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699; *see, Dapp v Larson*, 240 AD2d 918, 919).

Plaintiff offered photographs of the area where he fell taken

eight months after the accident to prove that defendants had constructive notice of the alleged defects in the blacktop. Plaintiff submitted the affidavit of James Bernard, a deliveryman, who stated that the pictures accurately depicted the condition of the blacktop as it existed in 1995 and two years before, but noted that the area of disrepair depicted was larger than it had been when he was making deliveries. Furthermore, Bernard stated that the area of disrepair shown extended about two feet from the concrete loading dock. Plaintiff estimated that he fell about four feet from the loading dock, which was outside the area of disrepair described by Bernard. In the absence of proof that the conditions depicted in the photographs taken in June 1995 were substantially the same as existed at the time of plaintiff's fall, we cannot say that Supreme Court erred in determining that the photographs were not properly authenticated and, therefore, inadmissible (*see, Truesdell v Rite Aid*, 228 AD2d 922; *Kniffin v Thruway Food Mkts.*, 177 AD2d 920).

In reference to plaintiff's allegations of inadequate lighting, given the testimony that he made numerous deliveries to the same location prior to his fall and never complained about the lighting, there was insufficient proof from which it could be reasonably inferred that the lighting conditions were a proximate cause of his injury or that defendants had actual or constructive notice of that condition.

Plaintiffs also contend that Supreme Court's granting of summary judgment was premature. The success of this contention depends on whether plaintiffs can demonstrate how further discovery might reveal the existence of material facts within defendants' exclusive control and "how further discovery is likely to reveal facts which would affect the outcome" (*Welsh v County of Albany*, 235 AD2d 820, 822). Neither plaintiffs' initial opposing papers nor their attorney's supplemental affirmation shows what specific information would be revealed by additional discovery or how that information "would yield evidence to create any triable issue" (*Smith v Fishkill Health-Related Ctr.*, 169 AD2d 309, 316, *lv denied* 78 NY2d 864). Thus, we find plaintiffs' argument on this point unpersuasive.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.