■ JANE E. RAMEE et al., Respondents, v WEATHERVANE SEAFOODS et al., Appellants. [710 NYS2d 165] —Cardona, P. J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 13, 1999 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Jane E. Ramee (hereinafter plaintiff) when she fell on a walkway owned, controlled and/or

maintained by defendants. In the area where plaintiff fell, the walkway consisted of concrete slabs separated by sections of brick. After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiff could not identify any defect that caused her to fall. Supreme Court denied the motion, resulting in this appeal.

As a general rule, the failure to establish what caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action (*see, e.g., Dapp v Larson*, 240 AD2d 918, 919). During her deposition, plaintiff was asked whether she knew what caused her to trip and she responded, "No." Relying on this response and the general rule, defendants contend that they are entitled to summary judgment. During her deposition, however, plaintiff was also asked whether she knew what caused her to fall and she responded, "There was a depression in the brick." She further testified that she "must have tripped on the brick" and, in her report to defendants' agent three days after the accident, attributed her fall to a sunken brick in the walkway.

In opposition to defendants' motion, plaintiff submitted an affidavit in which she confirms that a sunken brick in the walkway caused her to fall and that the isolated deposition testimony cited by defendants was mistaken. We note that a plaintiff's self-serving affidavit contradicting prior sworn deposition testimony is generally insufficient to create a question of fact (*see, Greene v Osterhoudt*, 251 AD2d 786, 788). In this case, however, plaintiff's prior sworn deposition testimony is itself contradictory and the affidavit, which is consistent with the report made by plaintiff shortly after she fell, attempts to explain the inconsistency. Under the circumstances, the inconsistency creates a question of credibility which cannot be resolved on a motion for summary judgment (*see, Fried v Bolanos*, 187 AD2d 108, 110).

With regard to defendants' claim that the defect was too trivial to be actionable (*see, Trincere v County of Suffolk*, 90 NY2d 976), the evidence in the record, including photographs and testimony of plaintiff and defendant Terry Gagner, raised a question of fact for a jury to resolve (*see, e.g., Denmark v Wal-Mart Stores*, 266 AD2d 776). Supreme Court, therefore, properly denied defendants' motion and the order is affirmed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.