■ LISA M. DENNY, Appellant, v NEW YORK STATE INDUS-
TRIES FOR THE DISABLED, Respondent. [737 NYS2d 674] —Mercure,
J.P. Appeal from an order of the Supreme Court (Teresi, J.),
entered July 2, 2001 in Albany County, which granted
defendant's motion for summary judgment dismissing the
complaint.

Plaintiff brought this action to recover for injuries she
sustained at approximately 8:20 A.M. on July 31, 1998 at the
work place of her employer, the Department of Taxation and
Finance, when she slipped on an office building corridor and
fell on her left knee, fracturing her patella. The claim of li-
ability against defendant is predicated on its "full-service"
contract with the employer for the performance of janitorial
services. Following joinder of issue, defendant moved for sum-
mary judgment, which was granted by Supreme Court based
upon its conclusion that defendant owed plaintiff no duty of
care. Plaintiff appeals.

We affirm. Even assuming, without concluding, that defen-
dant owed a duty of care to plaintiff, we agree with defendant's
alternative contention that it is entitled to summary judgment
based upon plaintiff's demonstrated inability to identify the
cause of her accident. At her deposition, plaintiff testified that
she was en route from her work cubicle to the ladies' room and,
at a point approximately one foot from the archway leading
from the corridor to the ladies' room, she "started to slide,"
tried to catch herself and landed on her knee. Notably, plaintiff
testified that she did not at the time of the accident or at any
other time "make any observations as to the condition of the
floor in the area where [she] fell."

In opposition to the summary judgment motion and now on
appeal, it is plaintiff's position that she slipped on the oily res-
idue of a salad dressing spill that had been present the previ-
ous day and had caused her coworker, Victoria Moore, to slip.
Fatally, the record provides no competent evidence to support
the assumption that plaintiff and Moore slipped at precisely
the same spot. Although Moore indicates in an affidavit that
she "was shown where [plaintiff] slipped and fell and it was
the exact same spot on the corridor floor where the salad oil
had been spilled the day before," she gives no indication as to
who showed her the location of plaintiff's fall or the source of
that person's information. Similarly, plaintiff's opinion,
advanced for the first time in opposition to the summary judg-
ment motion, that it must have been a slippery, oily substance
that caused her to slip "because [her] foot shot out from under
[her] as if [she] was wearing roller blades on that foot rather

than [her] shoe," is based on nothing more than speculation. As this Court has repeatedly held, " 'conclusions based upon surmise, conjecture, speculation or assertions are without probative value' " (*Dapp v Larson*, 240 AD2d 918, 919, quoting *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699; *see, Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662, 663).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.