■ DORENE BARNES, Respondent, v ANTHONY J. DI BENEDETTO, Appellant. [741 NYS2d 607] —Carpinello, J. Appeal from an order of the Supreme Court (McNamara, J.),

entered May 29, 2001 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this negligence action to recover for an injury she sustained in the entryway of defendant's apartment building at around 11:00 P.M. on February 17, 1997. According to plaintiff, while descending the stairs from the second floor, she slipped and fell as she stepped off the final step. Her claim of liability is predicated on allegations that the entryway had an accumulation of ice and snow tracked in from the outside by people entering the building. At issue on appeal is the denial of defendant's motion for summary judgment to dismiss the complaint.

Upon our review of defendant's submissions in support of summary judgment, particularly the transcript of plaintiff's deposition, we conclude that he successfully demonstrated his entitlement to summary judgment by establishing that plaintiff is unable to identify what actually caused her to fall that evening (*see, La Duke v Albany Motel Enters.*, 282 AD2d 974; *see also, Bongiorno v Penske Auto. Ctr.*, 289 AD2d 520).[1] Notably, "failure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action" (*Dapp v Larson*, 240 AD2d 918, 919). The pleadings allege that plaintiff slipped on an accumulation of ice and snow in the entryway. A careful review of plaintiff's deposition testimony, however, plainly reveals that she does not know what caused her to fall.

Plaintiff testified that she had never encountered any problems with the condition of the entryway on prior visits to the building nor had she slipped or noticed any substance on the floor when she entered the building that evening.[2] Furthermore, according to plaintiff, neither her daughter, who resided in the building, nor her niece, who was present that evening, made any complaints about the condition of the entryway even though they had just returned to the daughter's second floor apartment via the entryway shortly before the incident. More importantly, plaintiff testified that she made no observations of the entryway floor after her fall (*see, Denny v New York State*

---

**1.** In support of summary judgment, defendant also readily established that he did not create a slippery condition in the subject entryway nor did he or his property manager ever receive complaints that the entryway was slippery or contained a slippery substance.

**2.** Although plaintiff testified that it was "snowy" on the day of her accident, she could not recall if it was snowing when she arrived at the building that evening or when she left at around 11:00 P.M.

*Indus. for Disabled*, 291 AD2d 615). When asked if she knew what caused her to slip, she initially responded, "As far as I am concerned, the water and ice that was on the floor. The water, *whatever was there* was slippery and it caused it to be slippery" (emphasis supplied). Significantly, in follow-up questions and answers, plaintiff admitted that she did not see any water, snow or ice on the floor before *or* after her fall (*see, Kuchman v Olympia & York, USA*, 238 AD2d 381). Given plaintiff's own inability to identify the cause of her fall or the origin of any slippery substance in the entryway, a jury would have to improperly speculate on both issues (*see, Williams v Hannaford Bros. Co.*, 274 AD2d 649, 650; *Vinicio v Marriott Corp.*, 217 AD2d 656, 657; *Ciaschi v Taughannock Constr.*, 204 AD2d 883).

In opposing summary judgment, plaintiff did not sufficiently rebut this fatal lapse in her case by producing competent evidence to support her assumption that she fell on snow, ice or water tracked into the entryway from outside. Notably, no evidence was produced from either plaintiff's niece, who was descending the stairs immediately behind her and witnessed the fall, nor plaintiff's daughter, who responded to the incident immediately thereafter, to establish the existence of water, snow or ice in the entryway that night. Even plaintiff's attorney, in opposing summary judgment, acknowledged that plaintiff merely "believed" that she fell on "ice and snow tracked in from outside" even though she "was unable to specifically identify the substance as snow or ice, as opposed to plain water." Indeed, as noted, plaintiff could not identify the substance on which she fell as snow, ice *or* water at her deposition. Under these circumstances, no bona fide issue of fact exists which would preclude summary judgment in defendant's favor (*see, Denny v New York State Indus. for Disabled, supra*; *Kuchman v Olympia & York, USA, supra*; *Ciaschi v Taughannock Constr., supra*; *see also, Pianforini v Kelties Bum Steer*, 258 AD2d 634, 634-635, *lv denied* 93 NY2d 814; *Leary v North Shore Univ. Hosp.*, 218 AD2d 686).

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.