■ Jo Ann Martin et al., Appellants, v Wilson Memorial Hospital, Inc., Respondent. [767 NYS2d 675]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered November 11, 2002 in Chenango County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Jo Ann Martin (hereinafter plaintiff) and her husband, derivatively, seek to recover for injuries to plaintiff's

back and right leg sustained when she allegedly tripped and fell upon a deteriorated portion of the sidewalk abutting defendant's property. Following joinder of issue, defendant moved for summary judgment. Supreme Court granted defendant's motion and dismissed the complaint, concluding, among other things, that plaintiffs' evidence regarding the cause of the fall was speculative. Plaintiffs appeal.

We affirm. "[F]ailure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action" (*Dapp v Larson*, 240 AD2d 918, 919 [1997]; *see Barnes v Di Benedetto*, 294 AD2d 655, 656 [2002]). At her deposition, plaintiff first claimed that she stepped onto a deteriorated portion of the sidewalk, lost her balance and fell. She later conceded, however, that she was merely "assuming" that it was the deteriorated portion of the sidewalk that caused her fall. Plaintiff's daughter, who was walking with her at the time of the accident, indicated that she did not see plaintiff step in the "hole" and did not notice the "hole" in the sidewalk until she and plaintiff had walked away from the site of the accident. Plaintiff's daughter stated that she did not know what caused the fall, but indicated that plaintiff suffered from recurrent dizzy spells and loss of balance due to a preexisting medical condition. Plaintiff's daughter also testified that when the accident occurred, she was taking plaintiff home because she was concerned about plaintiff's recurrent dizzy spells.

Given this testimony, we conclude that plaintiff's claim that the deteriorated portion of the sidewalk caused her fall is based on nothing more than surmise, conjecture and speculation and is, therefore, without probative value (*see Denny v New York State Indus. for Disabled*, 291 AD2d 615, 616 [2002]). Inasmuch as plaintiffs failed to raise a triable issue of fact regarding causation, Supreme Court properly granted defendant's motion for summary judgment (*see Barnes v Di Benedetto, supra* at 656-657; *Denny v New York State Indus. for Disabled, supra* at 615-616; *Dapp v Larson, supra* at 919; *cf. Ackler v Odessa-Montour Cent. School Dist.*, 243 AD2d 902, 904 [1997]).

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.