■ ELIZABETH JONES-BARNES, Appellant, v CONGREGATION AGUDAT ACHIM, Respondent. [784 NYS2d 731]—

Peters, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered September 8, 2003 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained injuries on April 12, 1998 when she slipped in a driveway in a parking lot owned by defendant. In this action, she alleges that defendant was negligent in failing to properly maintain the area by permitting an accumulation of twigs and branches. Defendant answered, denied liability, and moved for summary judgment; plaintiff cross-moved to dismiss defendant's motion. Supreme Court granted defendant's motion, denied plaintiff's cross motion and this appeal ensued.

We affirm. It is settled that defendant, as the proponent of the motion, was required to make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Since defendant, as a landowner, is obligated to maintain its property in a reasonably safe condition (*see Di Ponzio v Riordan*, 89 NY2d 578, 582 [1997]; *Hammarberg v Harley Rendezvous*, 305 AD2d 895, 896 [2003]), it had to establish that it neither created a dangerous or defective condition nor had actual or constructive notice thereof (*see Babbie v Boisvert*, 281 AD2d 845, 845 [2001]; *Bingell v County of Schuyler*, 260 AD2d 926, 927 [1999]).

Defendant's proffer included portions of plaintiff's deposition testimony. She explained that she drove her companion to work with her dogs in the car. Arriving earlier than expected, they took the dogs to run in the back of defendant's parking lot, in "a clearing in between the trees," which was near the kitchen door where her companion would enter the building. After he entered the building and she was leaving the parking lot, she realized that he left his bag. She drove over to the kitchen door, "leaped out of the car," slipped on something with her left foot and fell onto her left knee; she could not identify what she slipped on. Plaintiff also testified that she suffered from a preexisting medical condition in her left leg called a "drop foot" which prevented her from being able to lift it, especially the toes, on more than a minimal basis. This condition, compounded by a back injury, caused her to require the assistance of a cane

at times.* Finally, defendant annexed the affidavit of Barbara Harris, defendant's former administrator, who averred that there were no records of any prior accidents or complaints made about the condition of this area and that she was "unaware of any accumulation of twigs, sticks, or other debris" there.

Finding defendant to have sustained its prima facie burden (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), plaintiff had to demonstrate the existence of a triable issue of fact. Contrary to her deposition testimony indicating that she did not know what she slipped on, her affidavit submitted in response to this motion explains that it was only after her fall that she noticed "twigs, branches, rocks and some leaves strewn all over the immediate area" which had been present for "at least a number of days prior to the accident." With nothing more than an assertion that defendant should have had a "general awareness" of this condition and no allegation that she made any complaint to defendant, we find that due to the proximity of the wooded area near the area where plaintiff fell, the allegation was "insufficient to constitute [either actual or constructive] notice of the particular condition that caused plaintiff's fall" (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]).

Even if plaintiff had raised a triable issue as to notice, we would still affirm since she failed to raise a triable issue regarding causation. Repeatedly, this Court has cautioned that although direct evidence of causation is not necessary (*see Silva v Village Sq. of Penna*, 251 AD2d 944, 945 [1998]; *Gramm v State of New York*, 28 AD2d 787, 788 [1967], *affd* 21 NY2d 1025 [1968]), "the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Silva v Village Sq. of Penna, supra* at 945; *see Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]; *Denny v New York State Indus. for Disabled*, 291 AD2d 615, 615-616 [2002]). Focusing on plaintiff's deposition testimony with particular attention to her medical condition and the way in which she exited her vehicle, we find that plaintiff failed to "prove it more likely or more reasonable that the injury was caused by . . . defendant's negligence rather than some other cause" (*Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]; *see Martin v Wilson Mem. Hosp., supra* at 939; *Dapp v Larson*, 240 AD2d 918, 919 [1997]).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* According to plaintiff, she did not need the cane on the morning of her fall.