■ Jeanette Macri et al., Respondents, v Jeffrey Smith, Also Known as Jeffrey R. Smith, et al., Appellants. [784 NYS2d 734]—

Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 12, 2004 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jeanette Macri (hereinafter plaintiff) sustained injuries when she fell down a four-step stairway in the interior entranceway to a tavern located in the City of Albany, owned and operated by defendants. Plaintiff and her husband, derivatively, commenced this action alleging negligent maintenance of the stairway. After discovery, defendants unsuccessfully moved for summary judgment, prompting this appeal.

As the proponents of the motion, defendants submitted evidence establishing that they never received any complaints regarding the staircase, were not aware of any prior accidents and inspected both the building and the internal lighting daily. Included were photographs of the stairway and an affidavit by an expert opining, inter alia, that the lighting fixture at the bottom of the stairway provided adequate illumination and that the posted stairway going up from the entranceway served as the "functional equivalent of a railing." Such expert also opined that, despite claims alleging that there should have been a handrail due to the age of the building and the lack of renovations thereto, the state building code would not be applicable.

Finding such proffer sufficient (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the burden shifted to plaintiffs to demonstrate a triable issue of fact (*see Zuckerman v City of New York, supra* at 562). Viewing the evidence in a light most favorable to plaintiffs (*see Noble v Pound*, 5 AD3d 936, 937 [2004]), we agree that a question was raised regarding the adequacy of the lighting and the stairway's compliance with industry codes and standards. While plaintiff's deposition testimony revealed that she did not know what caused her initial fall, she maintained that she immediately commented to her companion upon entering the premises that it was very dark in the entranceway; a fact confirmed by the testimony and affidavit of this nonparty witness. Plaintiff further averred that due to both the color of the carpeting and the dim lighting at the bottom of the stairway, the lack of a handrail further contributed to her fall. With such "evidence . . . sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Silva v Village Sq. of Penna*, 251 AD2d 944, 945 [1998]; *see Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]), we find that her failure to

identify the cause of her fall was not fatal (*compare Jones-Barnes v Congregation Agudat Achim*, 12 AD3d 875 [2004] [decided herewith]). Plaintiffs also proffered an expert's affidavit which challenged not only the adequacy of the lighting but also the applicability of current state and local building codes and regulations. Accordingly, with our focus on issue finding rather than issue determination (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]), we find that plaintiffs properly raised a triable issue of fact (*see Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 845-846 [1997]).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.