■ Kevin Henry et al., Individually and as Parents and Guardians of Brandon T. Henry, an Infant, Appellants, v Cobleskill-Richmondville Central School District et al., Respondents. [787 NYS2d 449]—

Carpinello, J. Appeal from an order of the Supreme Court (Lamont, J.), entered May 5, 2004 in Schoharie County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs, individually and as the parents of Brandon Henry, seek to recover for a fractured kneecap he sustained in the cafeteria of the Cobleskill-Richmondville High School on March 26, 2001. On that day, Henry, then a sophomore, was eating lunch with a group of students, one of whom was defendant Ryan Pierce. After a few unsuccessful attempts by Pierce to get Henry to dispose of his empty paper plate, Henry decided to move to another table.

According to Henry, as he got up from the table, Pierce threw the paper plate toward him at which point, in Henry's own words during a General Municipal Law § 50-h hearing, he "fell for some reason, and hurt [his] knee." Henry was unsure if the plate actually struck him or where it ultimately landed. Moreover, while Henry testified that he "would not have gotten up if it wasn't for Ryan Pierce," he did not know what made him fall or how he was injured.* For example, in responding to questions about the incident, Henry testified that he was "not sure what happened exactly," that he was "not sure exactly how I injured my knee," that he was "not sure exactly how I fell" and that "somehow I fell. That is pretty much as detailed as I can get."

Henry also unequivocally established during the hearing that he had gotten along fine with Pierce in the past and that he had no prior problems with him, in the cafeteria or elsewhere (compare Druba v East Greenbush Cent. School Dist., 289 AD2d 767 [2001]). Moreover, again according to Henry, he was not threatened by Pierce that day, he was not frightened by his repeated requests to dispose of his garbage and he was never concerned for his safety. It was further established that Pierce had no prior disciplinary problems at school. He had never been disciplined for any acts of intimidation, violence or threats or even referred for discipline.

The theory of liability against defendant Cobleskill-

---

* Notably, Henry had recently been treated for a sprained ligament in the same knee for which he was undergoing physical therapy.

Richmondville Central School District is that the District failed to adequately supervise and monitor the students in the cafeteria that day and also failed to provide "proper furniture and equipment," i.e., the table at which Henry was sitting. The theory of liability against Pierce, as well as Pierce's parents, is that Pierce, in attempting to persuade Henry to take his paper plate to the garbage and in throwing the plate at him as he left the table, failed "to allow for the safety of his fellow students," failed to act reasonably and engaged in reckless and negligent behavior. At issue is the propriety of an order of Supreme Court granting summary judgment to defendants. Finding the court's decision to be proper, we now affirm.

It is well established that the " 'failure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action' " (*Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003], quoting *Dapp v Larson*, 240 AD2d 918, 919 [1997]). Here, defendants made a prima facie showing that the complaint should be dismissed because plaintiffs cannot establish what caused Henry to fall and injure himself, an omission that is fatal to their claims that some alleged defect in the table caused his injury or that Pierce caused his injury (*see Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Dapp v Larson, supra*). Said differently, given Henry's complete inability to establish why he fell or how he injured himself, any claim that his injury was caused by a defect in the table or the errant paper plate would be based on "nothing more than surmise, conjecture and speculation" (*Martin v Wilson Mem. Hosp., supra* at 939; *see Penovich v Schoeck*, 252 AD2d 799, 800 [1998]; *compare Macri v Smith*, 12 AD3d 896 [2004]). As plaintiffs did not satisfactorily rebut this fatal lapse in their case, summary judgment was properly granted to defendants (*see Curran v Esposito, supra*). To be sure, hearsay statements of two teachers who did not witness the fall were not sufficient to defeat defendants' prima facie entitlement to this relief (*see Londner v Big V Supermarkets*, 309 AD2d 1122, 1123 [2003]).

As a final matter, Pierce's sophomoric conduct that day, which was not even demonstrated to be the cause of Henry's fall in any event, is the type of sudden and unforeseen prank which could not have been prevented regardless of the level of supervision (*see e.g. Mirand v City of New York*, 84 NY2d 44, 50 [1994]). Moreover, given the complete lack of evidence that Pierce engaged in violent or vicious conduct prior to this incident and that his parents were aware of such conduct, the complaint was properly dismissed against Pierce's parents (*see LaTorre v*

*Genesee Mgt.*, 90 NY2d 576, 583-584 [1997]; *Brahm v Hatch*, 203 AD2d 640, 641 [1994]).

Plaintiffs' remaining contentions have been reviewed and found to be unpersuasive.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.