■ PAUL F. SANTODONATO, Individually and as Administrator of the Estate of SUSAN E. SANTODONATO, Deceased, Appellant-Respondent, v CLEAR CHANNEL BROADCASTING, INC., Respondent-Appellant. [809 NYS2d 608]—

Cardona, P.J. Cross appeals (1) from an order of the Supreme

Court (Relihan, Jr., J.), entered December 14, 2004 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 28, 2004 in Broome County, which partially granted defendant's motion for summary judgment dismissing the complaint.

In June 2000, a Broome County radio station operated by defendant aired an interview with pop star Britney Spears. The interview was not live, but was conducted by splicing Spears' prerecorded answers together with questions posed by the station's on-air personality. Nonetheless, the promotional spots aired in advance of the interview apparently conveyed the impression that Spears would be interviewed live at the station. On the day of the interview itself, a Spears impersonator arrived at the station by limousine and was escorted inside by three individuals wearing jackets bearing the name of Spears' record label.

Predictably, on the day of the interview, a substantial number of people gathered outside the station. Decedent and her 10-year-old daughter were among those present. At some point during the interview, the limousine moved from the front of the station to a side entrance, causing the crowd to shift in that direction. It was at that time that decedent fell to the ground and sustained a head injury. She was transported to a hospital and unfortunately died the next day.

Plaintiff commenced this action claiming fraud based on false representations made by the station, negligence and premises liability.* Defendant moved for summary judgment dismissing the complaint, and Supreme Court denied that motion. However, the court subsequently clarified its ruling in a supplemental order in which it concluded that plaintiff's fraud and negligent crowd control causes of action were invalid and would not be submitted to a jury. Plaintiff and defendant cross-appeal from each of Supreme Court's orders.

Plaintiff avers that Supreme Court erred in dismissing his negligent crowd control cause of action. In order to show that defendant's negligent crowd control was the proximate cause of decedent's injuries, "plaintiff must establish that '[decedent] was unable to find a place of safety or that [her] free movement was restricted due to the alleged overcrowding conditions' " (*Palmieri v Ringling Bros. & Barnum & Bailey Combined*

---

* Visions Member Services Corporation, a leaseholder of the radio station property in question, was originally a named defendant in this action, but the premises liability claim asserted against it was dismissed without plaintiff's opposition.

*Shows,* 237 AD2d 589, 589 [1997], quoting *Benanti v Port Auth. of N.Y. & N.J.,* 176 AD2d 549, 549 [1991]; *accord Madden v Pine Hill-Kingston Bus Corp.,* 288 AD2d 600, 601 [2001]). In response to the summary judgment motion, plaintiff failed to raise a material question of fact as to decedent's ability to find safe harbor from the allegedly unruly crowd. Rather, the evidence showed that there were many individuals present who safely avoided the flow of the crowd. Moreover, there was testimony which indicated that no one was within decedent's immediate vicinity in the moments preceding her accident. Accordingly, inasmuch as plaintiff has not raised a question of fact concerning decedent's inability to safely retreat from the assembled crowd, Supreme Court appropriately dismissed plaintiff's negligent crowd control cause of action.

Plaintiff has likewise failed to raise a triable issue of fact concerning whether defendant's fraudulent actions proximately caused decedent's injuries. Even assuming that defendant's misrepresentations facilitated decedent's presence at defendant's radio station, plaintiff has nonetheless failed to adduce any proof concerning the actual cause of decedent's fall. It is well established that there can be no liability when the defendant's act " 'merely furnished the condition or occasion upon which [a] plaintiff's injuries were received' " (*Benaquista v Municipal Hous. Auth. of City of Schenectady,* 212 AD2d 860, 861 [1995], quoting 1 NY PJI2d 2:70, at 166 [1995 Supp]; *accord Penovich v Schoeck,* 252 AD2d 799, 799 [1998]; *see Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 951-952 [1978], *mod* 46 NY2d 770 [1978]; *see generally Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-316 [1980]). Since plaintiff has not demonstrated that defendant's misrepresentations regarding Spears' presence were "a substantial cause of the events which produced [decedent's] injury," he has not met his burden of proving a prima facie case of proximate cause and his fraud cause of action was properly dismissed (*Derdiarian v Felix Contr. Corp., supra* at 315).

Finally, we agree with defendant that plaintiff's remaining cause of action for ordinary negligence should have been dismissed. As with the other causes of action addressed above, plaintiff has adduced no affirmative proof that it was an act or omission of defendant—beyond the staged appearance by a Spears impersonator—that caused decedent's injury. Inasmuch as the "failure to prove what actually caused a plaintiff to fall in a situation where there could be [numerous] causes is fatal to a plaintiff's cause of action" (*Dapp v Larson,* 240 AD2d 918, 919 [1997]; *see Martin v Wilson Mem. Hosp.,* 2 AD3d 938, 939

[2003]; *Ramee v Weathervane Seafoods,* 273 AD2d 768, 768 [2000]), defendant was entitled to summary judgment dismissing the complaint in its entirety.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. [*See* 6 Misc 3d 686 (2004).]