■ JAMES BLOOMER, Appellant, v EMPIRE FORKLIFT, INC., Respondent. [850 NYS2d 224]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Egan, Jr., J.), entered March 21, 2007 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff was employed as a forklift operator at a building supply company and, on December 20, 2001, he grabbed the back of a forklift's seat to assist in climbing into the seat. The seat allegedly came off the forklift causing plaintiff to fall. He did not seek medical care and he missed no work until February 2002, when, on February 10, 2002, his back reportedly "locked" as he woke up from sleep. He subsequently commenced this action against defendant, the company that had serviced the forklift two weeks before the incident, alleging, among other things, that defendant's employee negligently serviced the forklift causing the accident.

Defendant moved for summary judgment and included an affidavit from its former employee who had serviced the forklift stating that the work he performed did not require him to remove the seat or loosen the bolts that hold it. Defendant also urged support for its motion from plaintiff's own testimony at his deposition in which he stated that he had used the same

forklift daily during the two weeks before the accident and the seat was not loose. Plaintiff's opposing papers included an affidavit from a former post office mechanic who stated that he had experience working on forklifts and that the work performed by defendant would have required removing the seat. Supreme Court granted defendant's motion and plaintiff now appeals.

We affirm. Defendant met its threshold burden and plaintiff failed to respond with sufficient evidence to raise a triable issue (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Although the absence of direct evidence of causation would not necessarily compel a grant of summary judgment in favor of defendant[ ], as proximate cause may be inferred from the facts and circumstances underlying the injury, the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Silva v Village Sq. of Penna*, 251 AD2d 944, 945 [1998] [citations omitted]; *see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Jones-Barnes v Congregation Agudat Achim*, 12 AD3d 875, 877 [2004], *lv dismissed* 4 NY3d 869 [2005]; *Plante v Hinton*, 271 AD2d 781, 782 [2000]). Here, the alleged negligence consisted of failing to replace or tighten the bolts holding the seat. Yet, plaintiff's own testimony established that he had used the forklift daily for the two weeks before the accident and that he got onto it by pulling on the seat to lift himself up. Significantly, he further testified that, during such time and use, the seat was not loose.* Plaintiff did not submit an affidavit in opposition to defendant's motion or offer any explanation as to how a seat allegedly with no bolts or loose bolts would remain stable and secure for two weeks and then suddenly come off. Based on the proof in this record, plaintiff's negligence theory finds support only in speculation or conjecture and, accordingly, summary judgment was properly granted to defendant. It is not necessary to address the other grounds for dismissal argued by defendant.

Plaintiff's contention that the doctrine of res ipsa loquitur applies is without merit since the forklift had been in the control of plaintiff's employer for two weeks since last serviced by defendant and the bolts holding the seat were not difficult to access for those other than defendant's mechanic (*see generally De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 937-938 [2003]; *Searle v Suburban Propane Div. of Quantum Chem. Corp.*, 263 AD2d 335, 339-340 [2000]).

---

* Plaintiff's untimely effort, made 10 months after receiving his deposition transcript, to change his testimony resulted in Supreme Court granting defendant's motion to strike the "corrections."

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.