■ Lottie Knickerbocker, Appellant, v Ulster Performing Arts Center, Respondent. [903 NYS2d 578]—

McCarthy, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered January 8, 2009 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff attended a concert at defendant's theater. As plaintiff

---

was leaving before the concert ended, she fell down 10 stairs, injuring herself. She commenced this action alleging negligent maintenance of the premises. Defendant successfully moved for summary judgment dismissing the complaint, prompting plaintiff's appeal.

Supreme Court properly granted defendant's motion for summary judgment. Through submission of the deposition testimony of its managing director and the affidavit of its head usher, defendant met its burden of establishing that it maintained its property in a reasonably safe condition. The director testified that she was unaware of any complaints concerning the venue in the months preceding the accident, she did a walk-through of the theater prior to the concert and the stairs were illuminated by step and aisle lights. The head usher affirmed that the carpeting was newly installed, not loose and had no tears or defects. He further stated that no one had ever complained about the carpeting. In addition, he witnessed plaintiff fall and saw her legs give out while she was on the stairs a few steps down from her seat. Defendant also submitted plaintiff's deposition testimony, where she stated that she did not have trouble seeing immediately prior to the accident and did not notice any defects in the carpet either before or after her fall. This evidence was sufficient to establish that defendant met its duty of properly maintaining its theater (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]).

Plaintiff failed to raise a triable question of fact on any material issue. Plaintiff testified that her heel felt like it caught on the carpet when she exited the aisle from her seat onto the stairs, before even descending a single step. Although this differs from the usher's version in location and how she fell, plaintiff's version was based upon an assumption—she was unsure exactly what caused her to fall. She did not notice any defects in the carpet, defendant's employees stated that they had not seen any defects and no complaints were made regarding the carpet. Pictures in the record do not disclose any defects. Plaintiff failed to raise any factual issue as to whether the carpet was maintained in a defective or dangerous condition (*compare Rekemeyer v Knickerbocker Furniture Co.*, 222 AD2d 873, 874 [1995]).

Plaintiff's complaint, bill of particulars and amended bill of particulars do not include inadequate lighting as an identified defect in the theater which caused her fall. Accordingly, this belatedly-alleged condition need not be considered when reviewing defendant's summary judgment motion (*see Lee v Laird*, 66 AD3d 1302, 1303 [2009]; *Hall v Barth*, 36 AD3d 1050, 1051 n

[2007]). Even had plaintiff timely or properly alleged that inadequate lighting caused her fall, she failed to provide evidence to support that allegation (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d at 932). Plaintiff testified that the lights on the stairs were dim, but she did not recall what type of lighting was present in the theater and she did not have trouble seeing just prior to the accident. Importantly, she never stated that a lack of lighting caused her to fall (*compare Macri v Smith*, 12 AD3d 896, 897 [2004], *with Sousie v Lansingburgh Boys & Girls Club*, 291 AD2d 619, 620 [2002], *and Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662, 664 [1999]). Because plaintiff failed to raise triable issues of fact, Supreme Court properly granted defendant's motion for summary judgment (*see Salerno v Street Retail, Inc.*, 38 AD3d 515, 516 [2007]).

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.