■ CARL PIPP et al., Respondents, v GUTHRIE CLINIC, LTD., et al., Appellants. [915 NYS2d 376]—

Mercure, J. Appeals (1) from an order of the Supreme Court (O'Shea, J.), entered December 14, 2009 in Chemung County, which denied defendants' motion to set aside a verdict in favor of plaintiff, and (2) from a judgment of said court, entered January 20, 2010 in Chemung County, upon said verdict.

Plaintiff Carl Pipp (hereinafter plaintiff) fell and injured his left knee in September 2003, while delivering oxygen cylinders to a medical supply facility that was leased and operated by de-

fendants. Following surgery, plaintiff developed a postoperative staph infection, ultimately requiring a left knee replacement. Plaintiff and his wife, derivatively, commenced this action, alleging that defendants negligently failed to maintain their premises in a safe manner. Specifically, plaintiffs claimed that a height differential from the parking lot to the loading area created a dangerous condition and caused plaintiff's accident.

A trial was held, at the close of which the jury determined that defendants were negligent and that such negligence was a proximate cause of plaintiff's injuries. The jury also found that plaintiff was negligent, but determined that his negligence was not a substantial factor in causing his fall and injuries. The jury awarded plaintiff $545,982.68 in damages and, after denying defendants' motion to set aside the verdict or grant a new trial, the court entered judgment. Defendants appeal from the judgment and the order denying their motion to set aside the verdict.

We affirm. Initially, we reject defendants' argument that they are entitled to judgment as a matter of law because plaintiffs failed to prove the cause of plaintiff's fall. "[F]ailure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action" (*Dapp v Larson*, 240 AD2d 918, 919 [1997]; *see Denny v New York State Indus. for Disabled*, 291 AD2d 615, 615 [2002]). Plaintiffs were not, however, "required to rule out all plausible variables and factors that could have caused or contributed to the accident" (*Gayle v City of New York*, 92 NY2d 936, 937 [1998]). Rather, to establish proximate cause, they were required to prove only "that it was more likely or more reasonable that the alleged injury was caused by . . . defendant[s'] negligence than by some other agency" (*id.* [internal quotation marks and citations omitted]). That is, "plaintiffs needed only to prove that defendants' negligent act or omission was a substantial factor in bringing about their injuries" (*Capicchioni v Morrissey*, 205 AD2d 959, 961 [1994]).

Contrary to defendants' assertions here, plaintiff provided more than "conclusions based upon surmise, conjecture [or] speculation" (*Dapp v Larson*, 240 AD2d at 919 [internal quotation marks omitted]) regarding the cause of his fall. Plaintiff consistently testified that his knee was injured when he slipped while he was lifting and pushing a cart laden with oxygen cylinders from defendants' graveled parking lot onto a concrete loading pad, which was six to eight inches higher than the parking lot. Plaintiff's inability to specify whether his knee gave out or twisted, causing him to slip, or whether his foot slipped on a wet surface does not negate his testimony that he slipped while

attempting to negotiate a heavy cart over the six-to-eight-inch concrete lip between the parking lot and loading pad. Under these circumstances, it cannot be said that " 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury' " (*Popolizio v County of Schenectady*, 62 AD3d 1181, 1183 [2009], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see DiBartolomeo v St. Peter's Hosp. of the City of Albany*, 73 AD3d 1326, 1327-1328 [2010]; *Griffin v Sadauskas*, 14 AD3d 930, 931 [2005]; *cf. Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]; *Denny v New York State Indus. for Disabled*, 291 AD2d at 615-616; *Dapp v Larson*, 240 AD2d at 919).

Defendants' remaining contentions do not require extended discussion. The improper comments of plaintiffs' counsel during his opening statement referencing defendants' wealth were not so egregious as to deprive defendants of a fair trial, particularly given that Supreme Court sustained defendants' objections and later instructed the jury not to consider who the verdict hurt or helped (*see Stanton v Price Chopper Operating Co.*, 243 AD2d 934, 935 [1997]; *Jackson v County of Sullivan*, 232 AD2d 954, 956 [1996]). Finally, we note that defendants consented to both the verdict sheet and the court's instructions permitting the jury to find that plaintiff was negligent, but that his negligence was not a substantial factor in causing his injuries—i.e., that plaintiff's negligence was not a proximate cause of his injuries. In addition, defendants failed to raise their objection that the verdict is logically inconsistent prior to the jury's discharge; rather, the issue was first raised in connection with their post-trial motion. Thus, defendants' challenge to the consistency of the verdict is unpreserved for our review (*see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 272 n 2 [2007]; *Feinberg v Saks & Co.*, 56 NY2d 206, 210-211 [1982]; *Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Lang v Newman*, 54 AD3d 483, 488 [2008], *affd* 12 NY3d 868 [2009]; *Cerniglia v Wisniewski*, 267 AD2d 660, 661 [1999]; *but see Winter v Stewart's Shops Corp.*, 55 AD3d 1075, 1076 n [2008]).

Defendants' remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order and judgment are affirmed, without costs.