■ LAUREN REVESZ, Appellant, v DANIEL CAREY et al., Respondents. [927 NYS2d 448]—

Peters, J.

On the evening of November 24, 2006, plaintiff and her sister attended a bonfire in the backyard of defendants' home in the Town of Ballston Spa, Saratoga County. The bonfire was created in a fire pit surrounded by a circle of stacked cobblestones that created a barrier around the fire. At approximately 1:00 A.M., when the fire had died down and consisted of mostly smoldering embers, plaintiff decided to leave the party. As she stood up from her chair, she tripped and fell into the fire pit.

As a result of her injuries, plaintiff commenced this action alleging that defendants were negligent in, among other things, permitting a dangerous condition to exist around the fire pit, failing to provide adequate lighting in the vicinity of the bonfire and failing to warn and guard against the danger of people falling into the fire. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and this appeal by plaintiff ensued.

Supreme Court properly dismissed plaintiff's claim that defendants negligently maintained their property by failing to remedy divots in the yard and failing to provide adequate lighting in the area where plaintiff fell. In support of the motion, defendants proffered the deposition testimony and affidavits of defendants Daniel Carey and Michael Carey. Daniel Carey averred that the area around the ring of the fire was kept clear and level and that, on the evening of the accident, there were no holes, depressions or other defects in that area. He also testified that, although no lights shone directly on the area of the yard where the fire pit was located, there were lights on the back of the house and solar lights on the fence surrounding the yard. Michael Carey likewise confirmed that the area in the immediate vicinity of the fire pit was not uneven in any manner, and attested that there was sufficient lighting to observe the ground surrounding the fire. Defendants also offered the deposition testimony of plaintiff, who admitted that she did not know what caused her to trip. This evidence was sufficient to satisfy defendants' initial burden of establishing that they maintained their property in a reasonably safe condition and neither created nor had actual or constructive notice of any defective condition existing on the property that caused plaintiff's fall (*see Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406 [2010]; *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]).

In opposition, plaintiff failed to raise an issue of fact. Although plaintiff described defendants' backyard as "a regular yard" with areas that "went up and down," and her sister testi-

fied that the yard was not "perfect" and had small divots, both specifically denied having observed any particular divots or irregularities in the lawn in the area where plaintiff fell. Furthermore, given this lack of evidence that a defective condition existed in the location of the accident and plaintiff's inability to identify how she fell or what caused her to trip, any claim that her fall was caused by a hole or divot in the yard would be based on " 'nothing more than surmise, conjecture and speculation' " (*Henry v Cobleskill-Richmondville Cent. School Dist.*, 13 AD3d 968, 970 [2004], quoting *Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]; *see Denny v New York State Indus. for Disabled*, 291 AD2d 615, 615-616 [2002]; *Silva v Village Sq. of Penna*, 251 AD2d 944, 945 [1998]). As plaintiff failed to "prove it more likely or more reasonable that the injury was caused by . . . defendant[s'] negligence rather than some other cause" (*Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]; *see Martin v Wilson Mem. Hosp.*, 2 AD3d at 939; *Dapp v Larson*, 240 AD2d 918, 919 [1997]), summary judgment was properly granted to defendants on this theory of negligence.

Likewise, with respect to plaintiff's claim of inadequate lighting, plaintiff failed to proffer sufficient proof from which it could be reasonably inferred that the lighting conditions were a proximate cause of her injury (*see Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662, 664 [1999]). Plaintiff had been on the premises for hours prior to the fall and her deposition testimony reveals that the lighting conditions enabled her to make several observations of the lawn during that time. Moreover, plaintiff never testified that it was too dark to make any observations of the area or that a lack of lighting caused her to fall (*see Knickerbocker v Ulster Performing Arts Ctr.*, 74 AD3d 1526, 1528 [2010]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Wright v South Nassau Communities Hosp.*, 254 AD2d 277, 278 [1998]; *compare Macri v Smith*, 12 AD3d 896, 897 [2004]). To the extent that she claimed otherwise in her affidavit in opposition to the motion, this self-serving attempt to contradict her prior sworn testimony was insufficient to create a question of fact (*see Boynton v Eaves*, 66 AD3d 1281, 1282 [2009]; *Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1384 [2008]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]).

Finally, plaintiff claims that defendants negligently failed to warn her of a dangerous condition—i.e., the bonfire—and to take appropriate measures to prevent her from falling into it. Initially, we note that the open and obvious nature of the bonfire obviated any duty on the part of defendants to warn of any hazards posed by it (*see Miller v Consolidated Rail Corp.*, 41

AD3d 948, 950 [2007], *affd* 9 NY3d 973 [2007]; *England v Vacri Constr. Corp.*, 24 AD3d 1122, 1124 [2005]; *Soich v Farone*, 307 AD2d 658, 659 [2003]). Furthermore, while a landowner must undertake reasonable measures to prevent foreseeable injury when he or she permits a dangerous condition to exist on the property (*see Scurti v City of New York*, 40 NY2d 433, 441-442 [1976]; *O'Keeffe v State of New York*, 140 AD2d 998, 999 [1988], *appeal dismissed* 73 NY2d 756 [1988]), we find that plaintiff failed to raise a question of fact as to whether defendants fulfilled their duty in that regard. As previously noted, the fire was surrounded by stacked cobblestones that created a barrier around it and, at the time of the accident, the fire consisted of mostly smoldering embers. Although plaintiff claims that defendants could have eliminated the danger by placing the chairs further away from the fire, it is undisputed that the chairs were movable, and plaintiff made the conscious decision to sit on the lap of a friend whose chair was located approximately two feet from the fire. Inasmuch as plaintiff has not identified any precaution or preventative measure that defendants could and should *reasonably* have taken under the circumstances to prevent her from coming into contact with the fire (*see Cohan v Milano*, 79 AD2d 579, 580 [1980], *affd* 55 NY2d 926 [1982]; *cf. Zmieske v State of New York*, 180 AD2d 894, 895 [1992]; *compare Mesick v State of New York*, 118 AD2d 214, 217-218 [1986], *lv denied* 68 NY2d 611 [1986]), Supreme Court properly dismissed this claim as well.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.