LORRAINE S. HANLEY et al., Appellants, v ANTHONY AFFRONTI et al., Respondents. [718 NYS2d 753] —Order unanimously

reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Lorraine S. Hanley (plaintiff) when she fell down a flight of stairs at defendants' house while visiting defendant wife. On the day of the accident, plaintiff entered defendants' house through the door attached to the garage, which leads to an alcove. When plaintiff leaned against the basement door while removing her boots, the door swung open and plaintiff fell down the stairs. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. "In order for a [property owner] to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon the property, it must be established that a defective condition existed and that the [property owner] affirmatively created the condition or had actual or constructive notice of its existence" (*Kuchman v Olympia & York,* 238 AD2d 381). The court properly determined based upon the conflicting expert affidavits that there is an issue of fact whether the basement door, which opens in toward the stairway rather than out toward the alcove, constitutes a dangerous condition. The court erred, however, in determining that defendants did not have constructive notice of the allegedly dangerous condition as a matter of law. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [defendants] * * * to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Defendants testified that they resided in that house for 30 years and that no one had previously fallen down the stairs. Plaintiffs contend, however, that it was reasonably foreseeable that a person leaning against the door would fall down the stairs where, as here, the door was not latched shut (*see generally, Quinlan v Cecchini,* 41 NY2d 686, 690; *Lacanfora v Goldapel,* 37 AD2d 721). Under the circumstances of this case, we conclude that there is a triable issue of fact whether defendants had constructive notice of the allegedly dangerous condition. (Appeal from Order of Supreme Court, Wyoming County, Rath, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.