■■ DAVID J. MINEKER et al., Respondents, v DEBORAH M. WHITE, Appellant. [748 NYS2d 305] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered October 30, 2001, which denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. While working on a heating system on defendant's premises, David J. Mineker (plaintiff) allegedly slipped and fell on a wooden ramp made slippery by light rain and the presence of mildew and mold. The complaint and bill of particulars assert one cause of action on behalf of plaintiff, for negligence based on premises liability only. " 'In order for a [property owner] to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon the property, it must be

established that a defective condition existed and that the [property owner] affirmatively created the condition or had actual or constructive notice of its existence'" (*Hanley v Affronti*, 278 AD2d 868, 869, quoting *Kuchman v Olympia & York, USA*, 238 AD2d 381, 381; *see Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692). The evidence submitted by defendant in support of her motion raises an issue of fact whether the ramp constituted a defective condition of which she had constructive notice. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.