■ Betty E. Griffin, as Administrator of the Estate of Albert L. Griffin, Deceased, Respondent, v Ralph Sadauskas et al., Appellants. [787 NYS2d 721]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lebous, J.), entered October 29, 2003 in Broome County, which denied defendants' motion for summary judgment dismissing the complaint.

On March 20, 2000, Albert L. Griffin (hereinafter decedent), while entering through a common area in the rear of a two-family house where he was a tenant, fell down cellar stairs. The 80-year-old decedent, who suffered from a variety of health problems, died the next day. Plaintiff commenced this wrongful death and negligence action against defendants, the owners of the premises. The theory of liability was based, in part, upon the configuration of the rear door and cellar stairs. The rear door opened into a narrow landing and straight ahead were stairs to the entrance to decedent's apartment. However, to his right as he entered were stairs to a cellar and when the rear door was fully opened, a portion of that door overlapped the top steps of the basement stairs. Following disclosure, defendants moved for summary judgment. Without any written decision, Supreme Court denied the motion and defendants appeal.

We affirm. We have previously held that it is a matter of "[s]imple logic" whether a door swinging over steps may create a "hazardous and unsafe" condition (*Burton v State of New York,* 90 AD2d 585, 586 [1982]) and that determination should be for the finder of fact under the circumstances of the current

case. There is evidence that defendants—who retained the right of access to the cellar and did so on a frequent basis through the rear entrance—were aware of the configuration of the door and cellar stairs and, thus, cannot successfully avoid liability as a matter of law upon their assertion that they lacked notice. Moreover, decedent's son stated that either he or his sister had complained to defendants about the condition prior to the accident. Defendants' further contention that plaintiff failed to raise a factual issue regarding proximate cause because decedent suffered various maladies and had previously fallen is unpersuasive. In light of the evidence that decedent's son spent 45 minutes doing errands with him before the accident and observed no problems with his walking, decedent entered through the door that opened over the cellar steps and he, in fact, fell down those very steps, it would not be pure speculation for a jury to find that the alleged configuration of the door and stairs were a cause of decedent's fall (*see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Betzag v Gulf Oil Corp.*, 298 NY 358, 364-365 [1949]; *see also Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Gayle v City of New York*, 92 NY2d 936, 937 [1998]).

Peters, J.P., and Mugglin, J., concur.

Carpinello, J. (dissenting). In affirming the denial of summary judgment to defendants, the majority states that "it would not be pure speculation for a jury to find that the alleged configuration of the door and stairs were a cause of decedent's fall." In so stating, however, the majority has neglected to note that when decedent and his son returned from their evening shopping trip, it was dark. Moreover, the exterior porch light was off and, more importantly, the interior light that illuminated the landing from which decedent fell was also unlit. Significantly, decedent's son testified at his examination before trial that the "only reason" for decedent's fall was that "he couldn't see when he went in because it was dark." It is also undisputed that decedent failed to follow his son's instructions to wait for him and instead entered the unlit house alone.

In addition to these circumstances surrounding the accident itself, decedent suffered from not only dementia but total blindness in one eye. Further, as a result of two strokes, he normally walked with a four-pronged cane. Given these facts, it is just as likely as not that, upon entering the darkened hallway, decedent became disoriented and fell down the open stairway and the allegedly defective door design had nothing to do with his unwitnessed accident. Thus, it would be inappropriate to permit the factfinder to speculate on the cause of the accident. In op-

posing defendants' prima facie case for summary judgment, plaintiff has established "nothing more than a *possibility* that [decedent's] fall was caused by the condition of the [doorway]" (*Silva v Village Sq. of Penna*, 251 AD2d 944, 945 [1998]). Therefore, I would reverse and grant defendants' summary judgment motion.

Ordered that the order is affirmed, with costs.