■ Aaryana Ortiz, an Infant, by her Mother and Natural Guardian Maite Rodriguez, et al., Respondents, v New York City Housing Authority, Appellant. [925 NYS2d 481]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered May 18, 2010, which, in an action for personal injuries, denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendant's motion for summary judgment was properly denied. Infant plaintiff sustained injuries when, while riding

her scooter on a walkway, she was struck by an unsecured gate on which another child was swinging. The gate was part of a fence that bordered the walkway that led to and from the entrance of defendant's building.

The record presents triable issues of fact as to whether defendant, which owed a duty of care to keep its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), was negligent in failing to ensure that the gate was secured and whether the accident was foreseeable. Indeed, the record shows that defendant was notified on several occasions that children who lived in the building often swung on the gate, which, when open, would partially block the walkway.

*Cuevas v 73rd & Cent. Park W. Corp.* (26 AD2d 239 [1966], *affd* 21 NY2d 745 [1968]), cited by defendant and the dissent, does not establish defendant's entitlement to summary judgment. In *Cuevas*, the infant plaintiff sustained injuries when another child raised and then dropped a public sidewalk cellar door on the plaintiff's hand. This Court held that the cellar doors must be maintained in a manner to prevent harm to those who use the streets, and that defendant was entitled to summary judgment because the cellar door was not a dangerous instrumentality, noting that "[i]t is simply that one is not obligated to protect users, including children, who may use harmless things to cause themselves harm" (*id.* at 242).

While there was no issue in *Cuevas* as to whether the cellar door constituted a dangerous condition, there is an issue of fact here based on the placement and use of the gate. Although defendant is correct that there is nothing inherently dangerous about a gate that has no lock, it is the particular circumstances alleged here—that the gate would swing into and partially obstruct the walkway, and was often used by children to swing upon into the walkway—which raises an issue as to whether defendant permitted a dangerous condition to exist on its premises and had notice of that condition (*see generally Lehr v Mothers Work, Inc.*, 73 AD3d 564 [2010] [issue of fact as to whether defendant created a dangerous condition by the manner in which clothing racks were placed and whether there was an ongoing hazard that was routinely ignored]; *see also Wolff v New York City Tr. Auth.*, 21 AD3d 956 [2005] [defendant denied summary judgment where plaintiff was allegedly injured when struck by an unsecured door while standing in a subway station]; *Griffin v Sadauskas*, 14 AD3d 930 [2005] [landlord denied summary judgment where tenant fell down cellar stairs, the top steps of which were overlapped by an open door]; *Hanley v Affronti*, 278 AD2d 868 [2000] [homeowner denied summary judgment where

guest fell down a flight of stairs after leaning against door that swung open toward the stairway]).

Furthermore, there are triable issues as to whether the failure to secure the gate was a proximate cause of the accident. Contrary to defendant's contention, it cannot be said, as a matter of law, that the other child's action of swinging on the unsecured gate was an intervening, superseding cause of the accident (see Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; compare Lee v New York City Hous. Auth., 25 AD3d 214 [2005], lv denied 6 NY3d 708 [2006]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Freedman and Abdus-Salaam, JJ.

DeGrasse, J., dissents in a memorandum as follows: I respectfully dissent because I disagree with the majority's conclusion that there is an issue of fact as to whether defendant permitted a dangerous condition to exist on its premises. While riding her scooter on a walkway, the infant plaintiff was struck by an unsecured gate that was being used by another child as a swing. Plaintiff's theory of liability is that there was an "ongoing, recurrent hazardous condition of children swinging on the gate which existed for at least one year" prior to the accident. The majority correctly recognizes that an unlocked gate is not inherently dangerous. Nevertheless, the majority finds that the neighborhood children's frequent use of the gate as a swing raises an issue as to whether defendant permitted a dangerous condition to exist.

This case is on all fours with Cuevas v 73rd & Cent. Park W. Corp. (26 AD2d 239 [1966], affd 21 NY2d 745 [1968]) in which a child was injured when another child raised and dropped a cellar door on his hand. In affirming a dismissal of the complaint at the close of the plaintiff's case, the Cuevas Court held that "one is not obligated to protect users, including children, who may use harmless things to cause themselves harm" (id. at 242). Unlike the majority, I find no way to distinguish this case from Cuevas on the basis of the placement and use of the gate. This record contains nothing, by way of an expert's affidavit, for example, to raise a triable factual issue as to whether the gate was negligently placed. As to the children's misuse of the gate, the overarching principle is that "foreseeability of misuse alone is insufficient to make out a cause of action" (see Kurshals v Connetquot Cent. School Dist., 227 AD2d 593, 594 [1996]; see also Barrett v Lusk, 265 AD2d 654, 655 [1999]). I would reverse the order below and grant defendant's motion for summary judgment dismissing the complaint.