# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

474

CA 14-02046

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

JON J. CHARLES, AN INFANT, BY HIS PARENTS
JAMES CHARLES AND ROBERTA CHARLES,
PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

VILLAGE OF MOHAWK, A MUNICIPAL CORPORATION
EXISTING PURSUANT TO LAWS OF STATE OF NEW YORK,
HERKIMER COUNTY, DEFENDANT-APPELLANT.

---

MURPHY, BURNS, BARBER & MURPHY, LLP, ALBANY, CONGDON, FLAHERTY,
O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE
GASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.

GEORGE FARBER ANEY, HERKIMER (JESSE B. BALDWIN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered May 21, 2014. The order, among other things, denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a cemetery owned and maintained by defendant. While playing in the cemetery, which was open to the public, plaintiff, then age 7, climbed on to a cantilever gate at one of the cemetery's entrances and began "riding" the rolling gate as it was being pushed by his cousin and her friend. Plaintiff failed to remove his hands from the top rail of the gate as he approached the gate's rollers, and his fingers were injured as they passed through the rollers. The complaint alleged, inter alia, that defendant was negligent in failing to secure the gate so as prevent it from being "ridden" by children. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and we affirm.

"It is beyond dispute that landowners . . . have a duty to maintain their properties in [a] reasonably safe condition" (*Di Ponzio v Riordan*, 89 NY2d 578, 582). "Consistent with that duty, the degree of care to be exercised must take into account the known 'propensity' of children 'to roam and climb and play' " (*Leone v City of Utica*, 66 AD2d 463, 466, *affd* 49 NY2d 811, quoting *Collentine v City of New*

*York*, 279 NY 119, 125).  Indeed, "New York State courts have recognized 'the special propensities of children and the prevailing social policy of protecting them from harm' . . . and have not deprived them of a right to compensation for injuries caused by the negligence of third parties . . . solely on account of their misuse of an instrument found on the defendant's premises" (*Cruz v New York City Tr. Auth.*, 136 AD2d 196, 201).  "What accidents are reasonably foreseeable, and what preventive measures should reasonably be taken, are ordinarily questions of fact" (*Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539).

Here, although we agree with defendant "that there is nothing inherently dangerous about a gate that has no lock" (*Ortiz v New York City Hous. Auth.*, 85 AD3d 573, 574), defendant's own submissions raise triable issues of fact whether it was foreseeable that children such as plaintiff would misuse the gate in the manner giving rise to the accident.  Defendant's former superintendent of cemeteries testified at his deposition that, although it "was not a typical occurrence," children sometimes played in the cemetery and, when that occurred, he would ask them to leave.  Defendant also submitted the deposition testimony of plaintiff's cousins, who testified that they had played in the cemetery on prior occasions.  "[A]t least once it is known that children commonly play around . . . an artificial structure [such as the gate], their 'well-known propensities . . . to climb about and play' . . . create a duty of care on the part of a landowner to prevent foreseeable risks of harm that might arise out of those activities" (*Holtslander v Whalen & Sons*, 126 AD2d 917, 919 [Levine, J., concurring in part and dissenting in part], *mod on concurring in part and dissenting in part mem below*, 70 NY2d 962).

Given that, "as a matter of law, ['riding' a gate] is not such an 'extraordinary' form of play as to break the causal connection between the dangerous condition . . . and plaintiff's injuries," we conclude that there is a triable issue of fact whether "[i]t was a natural and foreseeable consequence of defendant's failure to effectively secure the [gate] against access that young children would play [on it]," thereby resulting in injury (*Roberts v New York City Hous. Auth.*, 257 AD2d 550, 550, *lv denied* 93 NY2d 811).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court