## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 14, 2015                      519593
_____

KAREN L. PASCUCCI, as
    Executor of the Estate of
    MARY ANN CONRAD, Deceased,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

MPM REAL ESTATE, LLC,
                    Respondent.
_____

Calendar Date:  March 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Levene Gouldin & Thompson, LLP, Binghamton (Philip C.
Johnson of counsel), for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of
counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered May 27, 2014 in Broome County, which
granted defendant's motion for summary judgment dismissing the
complaint.

        Mary Ann Conrad (hereinafter decedent) suffered a fall in
the bathtub of an apartment that she leased from defendant.
Decedent remained in the bathtub for nearly a day until
plaintiff, her daughter, discovered her.  As a result of her
injuries and complications arising therefrom, decedent died a few
days later.  Thereafter, plaintiff commenced this action against
defendant seeking damages for wrongful death and pain and

suffering, alleging that the negligent design of the bathroom caused decedent to fall while exiting the bathtub. Defendant moved for summary judgment dismissing the complaint, arguing that plaintiff could not establish the cause of the fall without engaging in speculation. Supreme Court granted defendant's motion and plaintiff now appeals. We affirm.

"[A] defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that [a] plaintiff cannot identify the cause of [a person's] fall without engaging in speculation" (Ash v City of New York, 109 AD3d 854, 855 [2013]; see Buglione v Spagnoletti, 123 AD3d 867, 867 [2014]; Martin v Wilson Mem. Hosp., 2 AD3d 938, 939, [2003]). However, proximate cause can be established wholly through circumstantial evidence that renders a defendant's negligence the more likely cause of an accident than other potential causes (see Pipp v Guthrie Clinic, Ltd., 80 AD3d 1014, 1015 [2011]; Timmins v Benjamin, 77 AD3d 1254, 1256 [2010]; Ellis v County of Albany, 205 AD2d 1005, 1007 [1994]). Such circumstantial "proof must render other causes sufficiently remote such that the jury can base its verdict on logical inferences drawn from the evidence, not merely on speculation" (Timmins v Benjamin, 77 AD3d at 1256; see Feder v Tower Air, Inc., 12 AD3d 190, 191 [2004]).

Viewing the evidence in the light most favorable to plaintiff, a jury could not conclude, without resorting to speculation, that any defect in the design of the bathroom was a proximate cause of decedent's fall. Decedent, who was conscious and lucid when plaintiff found her, reported to plaintiff that she had fallen while trying to get out of the bathtub and subsequently reported to medical providers that she had fallen when she tried to get up from sitting in the bathtub. Otherwise, defendant's submissions established that decedent was 76 years old, that she suffered from chronic obstructive pulmonary disease, diabetes, osteoporosis, sleep apnea and obesity and that she relied on oxygen therapy. Although plaintiff testified that she was unaware of any incident where her mother had fallen due to dizziness, medical records from approximately a year prior to decedent's death indicated that decedent reported experiencing episodes of mild dizziness and that she had fallen during one such episode. According to plaintiff's testimony, decedent had

begun to use a cane prior to her fall and had suffered falls on other occasions.

Considering this evidence, decedent's reports provide no explanation as to what caused her fall. Further, defendant's submissions provided other potential causes of the fall; decedent had suffered previous falls, at least one of which — according to decedent's own report as set forth in her medical records — was the result of a medical condition, i.e., recurring mild dizziness. Accordingly, defendant met its initial burden by showing that plaintiff could not establish anything more than a possibility that decedent's fall was caused by any defective design (see Costantino v Webel, 57 AD3d 472, 472 [2008]; Jones-Barnes v Congregation Agudat Achim, 12 AD3d 875, 877 [2004], lv dismissed 4 NY3d 869 [2005]; Silva v Village Sq. of Penna, 251 AD2d 944, 945 [1998]; Dapp v Larson, 240 AD2d 918, 919 [1997]).

Plaintiff's expert affidavit failed to raise a triable issue of fact as to proximate cause. That expert relied on decedent's reports and the positioning of decedent when she was found to support his conclusion that the negligent placement of the bathroom sink was a substantial cause of decedent's fall. As previously mentioned, decedent's reports provide no rational basis to determine the cause of her fall. Further, even assuming that the expert was correct that the positioning of decedent after the fall indicated that she had turned to exit the tub, that fact does not support an inference that it was more likely than not that decedent was attempting to navigate around the sink when she fell (see Alston v Zabar's & Co., 92 AD3d 553, 553 [2012]; Raghu v New York City Hous. Auth., 72 AD3d 480, 482 [2010]; Reid v Schalmont School Dist., 50 AD3d 1323, 1325 [2008]; Kane v Estia Greek Rest., 4 AD3d 189, 190-191 [2004]). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court