*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 26, 2016                    521851
_____

BARBARA A. COSTELLO et al.,
                    Appellants,
          v                                MEMORANDUM AND ORDER

PIZZERIA UNO OF ALBANY, INC.,
    Doing Business as UNO
    CHICAGO GRILL,
                    Respondent.
_____

Calendar Date:   March 21, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                        _____


        Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly
of counsel), for appellants.

        Goergen Manson & McCarthy, Middleton (Paul J. Campito of
Flink Smith LLC, Albany, of counsel), for respondent.

                        _____


Garry, J.P.

        Appeal from an order of the Supreme Court (Breslin, J.),
entered December 12, 2014 in Albany County, which, among other
things, granted defendant's cross motion for summary judgment
dismissing the complaint.

        In 2011, plaintiff Barbara A. Costello fell and injured her
foot as she and two coworkers were being seated for lunch at
defendant's restaurant.  Costello and her spouse, derivatively,
commenced this negligence action alleging that defendant failed
to maintain its property in a reasonably safe condition and that
such failure caused her injury.  Following joinder of issue and
discovery, plaintiffs moved for summary judgement on the issue of

liability, and defendant cross-moved for summary judgment dismissing the complaint.  Supreme Court granted defendant's cross motion and denied plaintiffs' motion as moot.  Plaintiffs appeal.

Notably, defendant's submissions failed to include any objective physical data, measurements or an evaluation of the floor surface (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 82-83 [2015]; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097 [2016]).  In regard to the condition of the floor, defendant's proof relied primarily upon a few low quality photographs that had been obtained by Costello.  A manager who asserted that defendant had no notice of a defect was not present at any time until roughly two months after the date of Costello's fall.  No record of the incident was produced, and there was no testimony of anyone present at or about the time of the incident produced on defendant's behalf.

Assuming without deciding that defendant's proof met its burden of establishing a prima facie entitlement to judgment, we find that plaintiffs have nevertheless revealed triable issues of fact, thus precluding an award of summary judgment in defendant's favor.  Two nonparty witnesses had accompanied Costello to the restaurant on the day of her fall; both of these witnesses testified that the floor in the area where Costello fell was "uneven."  More specifically, one of these witnesses stated that "[t]here [were] grooves throughout the floor" and that "[i]t sort of looked buckled."  The second witness noted that the uneven nature of the floor made it feel "[l]ike walking down . . . a ramp."  This evidence presents factual questions as to whether there was a defect in the floor on the day Costello fell.  The issue is not susceptible to determination as a matter of law (see Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960-961 [2011]; Enamorado v KHR Holding Co., LLC, 24 AD3d 411, 412-413 [2005]), particularly as we are required to view the evidence in the light most favorable to the party opposing the motion (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]; Mazerbo v Murphy, 52 AD3d 1064, 1066 n 2 [2008], appeal dismissed 11 NY3d 770 [2008]).

We reject defendant's argument that Costello will be unable to demonstrate proximate cause in this matter because she was unable, or perhaps unwilling,[1] to immediately ascertain the cause of her fall. Defendant asserts that Costello was equivocal about the cause, based upon her statement that she "believe[d]" that the flooring was bowed. Even assuming that Costello's use, on one occasion, of what might be characterized as a mere figure of speech may be read as an expression of uncertainty about the cause of her fall, her affidavit clarifies any ambiguity. In her affidavit, Costello asserted that the "wood floor . . . was bowed and did not provide [her] with a proper walking surface." Read together with the testimony of the two nonparty witnesses regarding the uneven, grooved state of the floor, there is adequate record proof to "render other causes [of her fall] sufficiently remote such that the jury [could] base its verdict on logical inferences drawn from the evidence, not merely on speculation" (Timmins v Benjamin, 77 AD3d 1254, 1256 [2010]; see Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1488 [2014]). Accordingly, that part of Supreme Court's order granting defendant's cross motion for summary judgment and dismissing plaintiffs' complaint is reversed.

Egan Jr., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] The deposition testimony of the two nonparty witnesses established that Costello was "embarrassed" by her fall when it occurred.