*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    523272
_____

G. CHRISTOPHER ACTON,
    Individually and as
    Administrator of the Estate
    of MARY THERESA GALVIN
    ACTON, Deceased,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

1906 RESTAURANT CORP. et al.,
                        Respondents.
_____

Calendar Date:  January 11, 2017

Before:  McCarthy, J.P., Garry, Lynch, Rose and Aarons, JJ.

_____

        Mainetti, Mainetti & O'Connor, PC, Kingston (John T. Casey
of counsel), for appellant.

        McCabe & Mack LLP, Poughkeepsie (Betsy N. Abraham of
counsel), for respondents.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Meddaugh, J.),
entered February 5, 2016 in Sullivan County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

        Mary Theresa Galvin Acton (hereinafter decedent) sustained
fatal injuries from an unwitnessed fall down an interior stairway
at defendants' restaurant.  From the dining area of the
restaurant, an unlocked and unmarked doorway opened over the
stairs, which descended into a basement employee area.

Plaintiff, decedent's husband, commenced this premises liability action — individually and on behalf of decedent's estate — against defendant 1906 Restaurant Corp. and its owners, defendant Robert DeCristofaro (hereinafter DeCristofaro) and defendant Rosemarie DeCristofaro. Thereafter, defendants moved for, among other things, summary judgment dismissing the complaint. Supreme Court granted defendants' motion for summary judgment and dismissed plaintiff's complaint finding that, while there were triable issues of fact regarding defendants' duty and breach, plaintiff's inability to explain the cause of decedent's fall would require a jury to impermissibly speculate as to proximate cause.[1] Plaintiff appeals.

Defendants are not liable for decedent's fall if they "maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of any allegedly dangerous condition" (Carter v State of New York, 119 AD3d 1198, 1199 [2014] [internal quotation marks and citations omitted]; see Murphy v Hometown Real Estate, 132 AD3d 1126, 1127 [2015]). Likewise, defendants are not liable if the conclusion that defendants' negligence was the proximate cause of decedent's fall would be based on pure speculation (see Pascucci v MPM Real Estate, LLC, 128 AD3d 1206, 1206 [2015]; Ash v City of New York, 109 AD3d 854, 855 [2013]). In contrast to such speculation, proximate cause can properly be based on logical inferences from circumstantial evidence (see Pascucci v MPM Real Estate, LLC, 128 AD3d at 1206; see e.g. Griffin v Sadauskas, 14 AD3d 930, 931 [2005]). Finally, this Court has repeatedly found that "it is a matter of '[s]imple logic' [that] a door swinging over steps may create a 'hazardous and unsafe' condition" (Griffin v Sadauskas, 14 AD3d at 930, quoting Burton v State of New York, 90 AD2d 585, 586 [1982]).

In support of their motion, defendants offered the deposition testimony of DeCristofaro. He acknowledged that he frequently used the stairway in question, that the stairs were original and installed in 1906, that the stairs were worn and

_____

[1] Supreme Court also denied defendants' motion to preclude an expert witness.

that there was no nonslip adhesive installed on the stairs. Although the stairway led to a basement storage area intended for access only by employees, he acknowledged that there was no signage on the door at the top of the stairway restricting access. Moreover, the deposition of the individual who was dining with decedent prior to the accident established that decedent was a "very active, very agile" 59-year-old woman. Decedent's dinner companion explained that, at the end of their meal at the restaurant, decedent left the table and that, shortly thereafter, the companion heard decedent fall down the stairs. Although defendants' proof established that decedent had consumed alcohol prior to the accident – three alcoholic beverages over the course of an hour-long happy hour and the subsequent dinner at the restaurant – DeCristofaro, who observed decedent before the accident, testified that she did not appear to be intoxicated.

Even if we assume that defendants' submissions satisfied their initial burden, plaintiff's submissions raised material issues of fact requiring a trial. Photographs of the stairway that plaintiff submitted established that the door that decedent entered opened away from her and that, when opened, it cleared a short interior landing and went over the descending steps. The steps are wooden and visibly bowed and worn. Plaintiff also submitted the affidavit of a licensed architect who opined that the stairway had deteriorated stair treads, improper riser height and tread depths, an ungraspable handrail and an interior landing that was too short inasmuch as that the door opened over the stairs. The architect concluded, to a reasonable degree of professional certainty, that the dangerous condition of the staircase caused decedent's fall. Moreover, plaintiff submitted the affidavit of a person who had worked for the restaurant for about a year who averred to having fallen on the subject stairs "at least two or three times."

Viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every favorable inference (see Commissioners of the State Ins. Fund v BSB Constr., Inc., 144 AD3d 1236, 1237-1238 [2016]), material issues of fact exist requiring a trial. The evidence established numerous questions of fact as to whether the staircase presented

a dangerous condition to those using it, the most obvious being that the door opened over descending stairs (see Griffin v Sadauskas, 14 AD3d at 931; Hanley v Affronti, 278 AD2d 868, 869 [2000]; Burton v State of New York, 90 AD2d at 586). DeCristofaro's regular use of the stairs and his personal installation of the handrail established a question of fact as to notice or creation of the dangerous condition (see Sawyers v Troisi, 95 AD3d 1293, 1294 [2012]; Hanley v Affronti, 278 AD2d at 869). Finally, although the fall was unwitnessed, a jury could logically infer from the evidence regarding the risks that the staircase posed, the evidence of previous falls on the staircase and the evidence that decedent was healthy, agile and not visibly intoxicated at the time of the accident that the dangerous condition of the staircase caused her fall (see Griffin v Sadauskas, 14 AD3d at 931; see generally Pipp v Guthrie Clinic, Ltd., 80 AD3d 1014, 1016 [2011]). Accordingly, defendants were not entitled to summary judgment dismissing the complaint.

Garry, Lynch, Rose and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint; said motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court