Mulligan v R&D Props. of N.Y. Inc. (2018 NY Slip Op 04418)





Mulligan v R&D Props. of N.Y. Inc.


2018 NY Slip Op 04418


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525854

[*1]MARY MULLIGAN et al., Respondents,
v
R & D PROPERTIES OF NEW YORK INC., Appellant.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Penino & Moynihan, LLP, White Plains (Henry L. Liao of counsel), for appellant.
Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for respondents.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Gilpatric, J.), entered August 21, 2017 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
In June 2014, while working as a mail carrier, plaintiff Mary Mulligan allegedly slipped as she was descending the final step on an exterior staircase leading from defendant's commercial property and fractured her right knee. Thereafter, Mulligan and her husband, derivatively, commenced this negligence action alleging that her injuries were caused by defendant's failure to construct and maintain the staircase in a reasonably safe manner. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied
the motion, and defendant now appeals.
We affirm. Ordinarily, to establish prima facie entitlement to summary judgment dismissing the complaint, a property owner bears the burden of demonstrating that it maintained the premises in a reasonably safe condition and that it neither created nor had actual or constructive notice of the allegedly dangerous condition (see Carter v State of New York, 119 AD3d 1198, 1199 [2014]; Signorelli v Troy Lodge #141 Benevolent & Protective Order of Elks, 108 AD3d 831, 831 [2013]). However, a defendant can also demonstrate "entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d 854, 855 [2013]; see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1227 [2016]; Pascucci v [*2]MPM Real Estate, LLC, 128 AD3d 1206, 1206 [2015]). A plaintiff can establish proximate cause solely through circumstantial evidence, so long as that circumstantial proof "renders a defendant's negligence the more likely cause of an accident than other potential causes" (Pascucci v MPM Real Estate, LLC, 128 AD3d at 1206; see Gayle v City of New York, 92 NY2d 936, 937 [1998]). "The proof must render other causes sufficiently remote such that the jury can base its verdict on logical inferences drawn from the evidence, not merely on speculation" (Timmins v Benjamin, 77 AD3d 1254, 1256 [2010] [citation omitted]; see Gayle v City of New York, 92 NY2d at 937; Pascucci v MPM Real Estate, LLC, 128 AD3d at 1206-1207).
Here, defendant failed to proffer sufficient evidence to establish as a matter of law that it constructed and maintained the stairs in a reasonably safe condition (see Carter v State of New York, 119 AD3d at 1200-1201; Romanowski v Yahr, 5 AD3d 985, 986 [2004]; Feldman v Dombrowsky, 288 AD2d 605, 606 [2001]; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826, 828 [1996]). Nevertheless, defendant met its initial burden of showing that Mulligan could not identify the cause of her fall without engaging in speculation (see Pascucci v MPM Real Estate, LLC, 128 AD3d at 1207; Henry v Cobleskill-Richmondville Cent. School Dist., 13 AD3d 968, 970 [2004]). In that regard, defendant relied on Mulligan's deposition testimony, in which she acknowledged that she had traversed the stairs nearly daily without incident since their construction several months earlier and that, although the steps were "covered in water," she could not "honestly say what caused [her] to slip." This testimony satisfied defendant's prima facie burden of showing that plaintiffs could not establish proximate cause (see Pascucci v MPM Real Estate, LLC, 128 AD3d at 1207; Henry v Cobleskill-Richmondville Cent. School Dist., 13 AD3d at 970) and, thus, the burden shifted to plaintiffs to raise a triable issue of fact on that issue (see Macri v Smith, 12 AD3d 896, 897 [2004]).
In opposition, plaintiffs submitted the expert affidavit of Alden Gaudreau,[FN1] a licensed mechanical engineer, as well as the affidavit of Mulligan. In his affidavit, Gaudreau identified several building code violations in the stairway design, including a riser that exceeded the maximum permissible height, a lack of required dimensional uniformity between the first and second tread, deficiencies in the design of the handrail and the absence of a slip resistant surface on the stair treads. Gaudreau stated that "[t]he stair tread and riser geometry, as well as the handrail features, were such that the stairway violated minimum building safety standards." He opined, to a reasonable degree of engineering certainty, that the stairs were in a "dangerous condition" at the time of Mulligan's accident, that the identified safety deficiencies were the proximate cause of her injuries and that, "[h]ad the . . . stairway been designed and built considering even the minimum in safety, [the] incident most likely would not have occurred." Additionally, Mulligan stated that, although she could not "definitively state what caused [her] to slip," she believed that her injury resulted from a combination of the stairs "being wet and the fact that the stair treads were built in an atypical configuration," which required her to change her gait as she descended the stairs. The foregoing evidence, viewed in the light most favorable to plaintiffs (see Costello v Pizzeria Uno of Albany, Inc., 139 AD3d 1336, 1337 [2016]; DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1327 [2010]), is sufficient to permit a finding of proximate cause based on logical inferences and not upon [*3]speculation alone (see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1227; Seelinger v Town of Middletown, 79 AD3d 1227, 1230 [2010]; Timmins v Benjamin, 77 AD3d at 1256; Macri v Smith, 12 AD3d at 897-898; cf. Gayle v City of New York, 92 NY2d at 937; compare Pascucci v MPM Real Estate, LLC, 128 AD3d at 1207-1208). Accordingly, as plaintiffs raised a triable issue of fact as to whether the allegedly defective design of the stairs proximately caused Mulligan's injury, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint (see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1227; Carter v State of New York, 119 AD3d at 1201).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: We are unpersuaded by defendant's assertions that the expert affidavit was inadmissible and that the expert's statements, which were based upon his personal observations and examination of the stairs, were speculative and conclusory (see Bockelmann v New Paltz Golf Course, 284 AD2d 783, 783-784 [2001], lv denied 97 NY2d 602 [2001]).